JONATHAN BRAND, (State Bar No. 124166)
ALYCE MAURER, (State Bar No. 225710)
Law Offices of Jonathan Brand
1777 Botelho Drive, Suite 220
Walnut Creek, CA 94596
Tel: 925-295-1670
Fax: 925-296-0390

Attorneys for Plaintiff
RICHARD PASLEY


ROBERT A. DOLINKO (State Bar No. 076256)
rdolinko@nixonpeabody.com
RACHEL L. CONN (State Bar No. 286722)
rconn@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA  94111-3600
Tel:   415-984-8200
Fax:  415-984-8300

Attorneys for Defendant
HERTZ EQUIPMENT RENTAL CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PASLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HERTZ EQUIPMENT RENTAL CORPORATION,<br><br>　　　　　Defendant. | Case No.:  16-cv-00170-RS<br><br>ORDER<br>**STIPULATION:**<br>**REQUEST FOR CONTINUANCE OF TRIAL DATE AND PRETRIAL DEADLINES**<br><br>Case filed:   August 27, 2015<br>Removed:    January 11, 2016<br><br>Trial date:    April 24, 2017 |

The parties reached a tentative settlement of this case at a mediation held on July 6, 2016. See Certification of Mediation filed on August 1, 2016 [Doc #20]. The conditional settlement is premised on the tentative settlement (also reached on July 6, 2016) of a related case pending before the Workers Compensation Appeals Board ("WCAB") which has not yet been submitted to nor approved by the WCAB. Accordingly, the parties jointly request that the current trial date of April 24, 2017 be continued to September 18, 2017, and that all related deadlines be continued the same five months. In support of this joint request, the parties state as follows:

1. The parties participated in mediation of this action through the Court's ADR Program on July 6, 2016, with JAMS Mediator, Michael Loeb, Esq. A conditional settlement was reached at mediation. The condition was that the related workers' compensation matter must first be approved by Medicare and the WCAB. The workers' compensation case settlement condition has not been satisfied as of the filing of this joint request to continue the trial date and related pre-trial deadlines.

2. At mediation there was an estimated 90-day timeframe for accomplishing the settlement condition. With respect to Medicare making a determination on the workers' compensation portion of the settlement, Medicare has not yet made any determination, but it is anticipated the requested continuance will afford the parties adequate time to seek and obtain the requisite Medicare determination, and then WCAB approval of the settlement.

3. In reliance on the conditional settlement at mediation, the undersigned parties have refrained from unnecessary discovery anticipating timely action in the workers' compensation case. While the parties remain optimistic that the conditions precedent to their settlement will be satisfied, the parties also believe that the April 24, 2017 trial date and upcoming discovery deadlines will not allow sufficient time for the parties to commence and complete factual discovery in the event the parties' settlement fails. Should the settlement fail, the parties will need to: disclose and depose each other's experts, exchange witness and exhibit lists, file and brief pretrial motions, submit proposed jury instructions, and complete the other tasks necessary before trial. Completion of discovery of expert witnesses is currently scheduled for December 9, 2016. The parties jointly seek the Court's order for a continuance of the current

1  trial date and a new Scheduling Order according to a continued trial date.  The parties hope and
2  anticipate that the requested continuance will enable the effectuation of their settlement and
3  avoid the need for discovery and trial.
4      4. Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling
5  order may be modified only for good cause and with the Court's consent.  The parties
6  respectfully submit there is good cause to continue the trial, because of the continued pendency
7  of the condition precedent to the full resolution of the case.  Pursuant to Local Rule 7-12, this
8  stipulation requesting judicial action is submitted in writing and is signed by all affected parties
9  through their counsel.
10     WHEREFORE, the undersigned parties respectfully request that the Court continue the
11 trial date to September 18, 2017 or as soon thereafter as is convenient to the Court, and adjust the
12 Scheduling Order's other deadlines accordingly.

Respectfully submitted,

Dated: September 8, 2016                    LAW OFFICE OF JONATHAN M. BRAND

By: /s/ *Jonathan Brand*
    Jonathan Brand
    Alyce Maurer
    Attorneys for Plaintiff
    RICHARD PASLEY

Dated: September 8, 2016                    NIXON PEABODY LLP

By: /s/ *Robert Dolinko*
    Robert A. Dolinko
    Rachel Conn
    Attorneys for Defendant
    HERTZ EQUIPMENT RENTAL CORPORATION

1 **[PROPOSED] ORDER**

2 Pursuant to the parties' stipulation, IT IS SO ORDERED. The continued dates are as
3 follows:

4 Non-expert discovery shall be completed by May 5, 2017.

5 Experts shall be designated and identified by March 31, 2017.

6 Supplemental and rebuttal experts shall be designated by April 21, 2017

7 On or before May 5, 2017 all expert discovery shall be completed.

8 A further case management conference shall be held on May 11, 2017 at 10:00 a.m. in
9 Courtroom 3, 17th Floor.

10 All pre-trial motions shall be heard no later than July 6, 2017.

11 The final pre-trial conference will be held on ~~September~~ August 31, 2017 at 10:00 a.m. in Courtroom 3,
12 17th Floor.

13 A jury trial shall commence on September 18, 2017 at 9:00 a.m. in Courtroom 3, 17th Floor.

15 Date: 9/14/16                    _____
                                    United States District Judge